█ ROSENTHAL & ROSENTHAL, INC., et al., Respondents, v. BOND STORES, INCORPORATED, Appellant.— Order of Supreme Court, New York County, entered April 19, 1972, denying defendant's motion to strike interrogatories modified as follows on the law and facts and in the exercise of discretion, and otherwise affirmed, without costs and without disbursements. (1) If within 15 days after publication of this decision, appellant shall stipulate that the allegations in its amended answer that the purchase orders referred to therein were not authorized by it are based solely on the allegation that said orders were obtained by plaintiff by bribing an employee of appellant in violation of Penal Law, § 180.00, interrogatories numbered 1, the second numbered 2, 3, 4, 5, 11, 13, 14, 16, 17 and 18 shall be stricken from the notice. (2) If appellant shall fail to so stipulate, interrogatories numbered 16, 17 and 18 only shall be stricken. (3) Appellant is directed to conduct its depositions of the plaintiffs forthwith at a date set in the order to be settled hereon and serve its answers to the interrogatories within twenty days after completion of said depositions. The action by plaintiff Briarcliff (the only plaintiff here involved) and appellant's counterclaims arise from plaintiff's sales of raincoats to defendant. As separately numbered affirmative defenses, defendant has alleged " 5. The purchase order upon which Briarcliff sues was unauthorized by Bond." and " 6. The purchase order upon which Briarcliff sues was obtained by means of bribing an employee of Bond, without Bond's knowledge or consent, in violation of Penal Law, § 180.00." Most of the items stricken by paragraph " (1) " above relate only to the defense that the order sued upon was unauthorized. Appellant in its brief states "his [the bribed employee's] apparent authority is not in issue; Bond has pleaded that, because Briarcliff bribed him, it knew or should have known that he lacked authority to place the particular orders in issue * *. * Whether the employee generally had apparent or even actual authority to place legitimate orders is thus irrelevant to the action ". It is not demonstrated that any of the information sought constitutes material prepared for litigation, attorneys' work product or trade secrets as claimed by appellant. With respect to item 9 of the notice, as suggested by the opposing affidavit of Briarcliff's attorney, " if the defendant does not compute its damages by the method anticipated in the interrogatory, it need only say so under oath and reveal the method which it will employ to support its damage claims ". In our opinion, the shotgun items numbered 16, 17 and 18 are unduly burdensome and improper. With respect to item 17, any documents to which plaintiff may be properly entitled may be obtained in discovery proceedings (*Krause* v. *American Guar. & Liab. Ins. Co.*, 31 A D 2d 606). While it is the general rule that a defendant should be accorded priority in disclosure proceedings, it has been said that the rule also applies to a defendant by counterclaim (CPLR 3106, subd. [a]; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3106.01; cf. *Modern Fibers* v. *Puro*, 26 A D 2d 527). Since, measured by the foregoing standards, the parties

hereto have equal status, appellant having first initiated disclosure proceedings is accorded priority. Concur — Markewich, J. P., Tilzer and Macken, JJ.; Nunez and Murphy, JJ., dissent in a memorandum by Nunez, J., as follows: There is no showing of abuse of discretion by Special Term. In view of the nature of the two affirmative defenses and the four counterclaims in defendant's answer, the propounded interrogatories are proper in form and content. Basically they seek to ascertain the facts upon which the defendant will rely. I can find no justification for the majority's disregard of our long-established salutary strong policy in favor of full disclosure and the equally strong policy of respecting Special Term's discretion unless it has been abused. The order should be affirmed with costs. Settle order on notice.